UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY J. GALLANT,
THE JOHN A. GALLANT SR. TRUSTS,     Civil Action No. 22-10744
and THE MARY T. GALLANT TRUST,

                                                    Shalina D. Kumar
                    Plaintiffs,                United States District Judge

v.                                                    David R. Grand
                                                   United States Magistrate Judge

JON A. GALLANT, JR., *et al.*,

                   Defendants.
_____/

**REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS
PLAINTIFFS' COMPLAINT (ECF No. 1) UNDER 28 U.S.C. § 1915(e)**

**I.    RECOMMENDATION**

*Pro se* plaintiff Gregory J. Gallant ("Gallant")[1] filed his complaint in this matter on March 30, 2022, against defendants Jon A. Gallant, Jr., Thomas P. Gallant, Sheila Gallant Mitchell, and Edison B. Hass (collectively, "Defendants"). (ECF No. 1). Gallant has been granted permission to proceed *in forma pauperis* in this case, which was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 8). The Court having reviewed the complaint and assessed its sufficiency pursuant to 28

---

[1] In his complaint, Gallant also appears to name as plaintiffs "The Jon A. Gallant Sr. Trusts" and "The Mary T. Gallant Trust." (ECF No. 1, PageID.1). No person signed the complaint on behalf of these "trusts," rendering them improper plaintiffs in this case. Moreover, "[a]s an artificial entity, a trust cannot appear *pro se* in federal court." Rosen v. Fla., No. 22-CV-6938 (LTS), 2022 WL 4342433, at *2 (S.D.N.Y. Sept. 19, 2022) (citing *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("[a] trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust")). At any rate, for the reasons discussed below, all of the claims asserted in the complaint are subject to dismissal.

U.S.C. § 1915(e), **IT IS RECOMMENDED** that Gallant's complaint be **DISMISSED** ***SUA SPONTE*** for failure to state a claim for relief.

## II.   REPORT

### A.   Background

Substantively, Gallant's complaint consists of only a few conclusory sentences purportedly accusing Defendants of criminal actions seemingly related to the distribution of certain trust assets via a state court order on July 22, 2020. Specifically, Gallant's "Statement of Claim," which is difficult to decipher, reads as follows in its entirety:

> Upon information and belief the record will show that the accused, being employees, trustees, beneficiaries and others associated professionally and socially to the Jon A. Gallant Sr. Trusts and the Mary T. Gallant Trust Estate are believed to have engaged in behavior to be in violation of Title 18 Part I Crimes enumerated by the United States Code (racketeering) RICO and the Constitution of the United States of America and the State of Michigan Constitution and penal code as per the attachments contained herein. It is hereby requested that this honorable court take judicial notice of the complainants civil and criminal allegations and property rights as per Exhibit A, the wills and trust documents of Jon A. and Mary T. Gallant.

(ECF No. 1, PageID.4). In the "Relief" section, Gallant states:

> In this case the complainant Gregory J. Gallant is alleging that the behavior of the accused includes the 1st degree murders of Jon A. Gallant Sr. and Mary T. Gallant, witness tampering, torture and attempted murder of his person. It is believed by the complainant that it would be prop[]er under the circumstances presented to order a Grand Jury investigation into the allegations as it is believed that this case presents a matter of national security due to the alleged corruption of the public officials involved. The complainant is seeking concur[re]nce of this issue by the court. The relief sought is to order the defendants to pay the Gallant Family Trust Estate $1.5 Billion dollars in exemplary and punitive damages and to complainant $750 Million dollars. To further order restraining orders of the accused to not engage in further violent retaliatory behavior as demonstrated by the actions of the public

2

> Judicial officers and attorneys associated with the 12th district court and 4th judicial circuit courts of Jackson County, the 30th district court of Ingam County, the Sheriff of Jackson County and his deputies, and the State police officers named for their alleged criminal behavior related to cases # 12-0953-CK, # 13-751-TT, # 13-3906-CB and 16-04971-FY.

(ECF No. 1, PageID.4-5). Attached to his complaint are exhibits of certain wills and testaments of Mary T. Gallant and Jon A. Gallant Sr., as well as what appear to be trust agreements of the Mary T. Gallant Trust and the Jon A. Gallant Trust. (ECF No. 1-1).

On April 25, 2022, the Court granted Gallant's application to proceed *in forma pauperis* and then issued an "Order Directing Plaintiff to Complete Service Documents and for Service of Process by the U.S. Marshal," which informed Gallant that, within fourteen calendar days, he was required to complete and present to the Clerk's Office certain documents necessary to effect service in this case. (ECF Nos. 4, 5). To date, Gallant has not submitted any such documents in accordance with the Court's directive.

Instead, on May 9, 2022, he filed an "Ex-Parte Motion to Amend Petition and Rescind Ex-Parte Order Directing Plaintiff to Complete Service of Documents and for Service of Process by the U.S. Marshal," in which he (1) seeks "a continuance of this matter" because he "is believed to have a moral, ethical, and legal responsibility to reject the alleged criminal actions and omissions of the defendants to be represented in this case, including but not limited to the final disposition of the trust assets that were ordered distributed on 7/22/2020, which will be presented in the proposed amendments to the petition in this matter ...," and (2) argues there is "good cause" for such continuance due to his "severe financial hardship" and the substantial "costs of litigation in this case ... [that] would necessarily require that [Gallant] by order of the court receive the final disposition

3

of the Jon A. Gallant Sr. and Mary T. Gallant Trust Estate without consenting to the amounts distributed by the alleged criminal actions of the accused[.]" (*Id.*, PageID.121-22). Gallant also contends that "[t]he amount distributed to the 10 beneficiaries by [state] court order on 7/22/2020 were of a[n] undetermined amount estimated at [$128,000.00] per beneficiary and without the required informed consent and unacceptable to the complainant," and thus "requests that [this Court] issue the proposed ex-parte order to allow [Gallant] to receive the Jon A. Gallant Sr. and Mary T. Gallant Trust Estate proceeds without consent of the amount distributed and to rescind the order dated 4/25/2022 directing [Gallant] to complete service of documents and service of process within 14 days by the U.S. Marshal to allow for the time to receive the trust distribution and amend the complaint, in the interests of Justice." (*Id.*, PageID.122).

### B. Legal Standards

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e)(2)(B), which provides that a court "shall dismiss" an *in forma pauperis* complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that while Congress enacted 28 U.S.C. § 1915 to "ensure that indigent litigants have meaningful access to the federal courts," it also "recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Although the Court must liberally construe complaints filed by *pro se* litigants, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), such litigants must nevertheless satisfy the basic pleading requirements in Fed. R. Civ. P. 8(a), including the requirement that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule's purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). While this notice pleading standard does not require highly detailed factual allegations, it does require more than the bare assertion of legal principles or conclusions. *See id.* at 555.

In general, to state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 570. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the contrary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).

Under these standards, and for the reasons discussed below, the bare and conclusory allegations concerning violations of criminal law asserted in Gallant's civil complaint are

5

frivolous and, at a minimum, fail as a matter of law to state a claim for relief.

### C. Analysis

As an initial matter, Gallant's *civil* complaint appears frivolous where it asserts a cause of action based on violations of *criminal* statutes. *See, e.g., Lucas-Cooper v. Palmetto GBA*, No. 1:05-CV-00959, 2006 WL 2583407, at *10 (N.D. Ohio Sept. 7, 2006) ("where there is a 'bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone,' a private cause of action will not be inferred.") (quoting *Marx v. Centran Corp.*, 747 F.2d 1536, 1549 (6th Cir. 1984).

In any case, even liberally construed, Gallant's complaint is entirely devoid of facts that would support a legal claim against any of the Defendants. To begin with, Gallant's complaint merely makes vague and conclusory assertions in the "Relief" section that "the behavior of the accused includes the 1st degree murders of Jon A. Gallant Sr. and Mary T. Gallant, witness tampering, torture, and attempted murder of his person," but otherwise fails to provide any further detail or make specific factual allegations as to any of the Defendants. *See Baker v. Noronha*, No. 12-10642, 2013 WL 1720803, at *3 (E.D. Mich. Feb. 27, 2013) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints."); *Iqbal*, 556 U.S. at 678 (stating the court is "not bound to accept as true a legal conclusion couched as a factual allegation").

Moreover, to the extent Gallant purports to accuse Defendants of "racketeering" and attempts to plead a civil RICO claim, his complaint is wholly lacking the facts necessary to sufficiently plead any valid RICO violation. *See* 18 U.S.C. § 1962(c) (affording a civil

6

remedy to an individual who is injured by certain types of unlawful "racketeering activity"); *see, e.g.*, *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) ("Thus, to state a RICO claim [under §1962(c)], Moon must plead the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."). While Gallant's complaint does contain words like "Conspiracy," "Embezzlement," "theft," and "other crimes," his failure to provide any details as to such alleged crimes or to allege specific wrongful conduct by any particular defendant is fatal to any such RICO claim. *See, e.g.*, *Riley v Johnson*, 2019 WL 2406949, at *2 (E.D. Mich. 2019) (dismissing under § 1915(e)(2)(B)(ii) where, although alluding to a "RICO conspiracy," the plaintiff failed to state what each defendant did that allegedly violated that statute). In short, Gallant's complaint is largely incomprehensible and merely strings together legal jargon and criminal statutes that appear unconnected to any particular wrongful conduct by any particular defendant, which clearly fails to state a claim for relief under the basic pleading standards discussed above. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.[2]

---

[2] While difficult to decipher, it is also worth noting that Gallant's filing in ECF No. 7 appears to challenge "the final disposition of the trust assets that were ordered distributed on 7/22/2020" by the state Probate Court order, and Gallant requests that this Court instead distribute or redistribute the trust assets by issuing an order "to allow [Gallant] to receive the Jon A. Gallant Sr. and Mary T. Gallant Trust Estate proceeds without consent of the amount distributed . . ." (ECF No. 7, PageID.122). However, the law is clear that a request for "relief that would disturb or dispose of property that the state probate court controls . . . is barred under the probate exception." *Voss v. Voss*, No. 21-12594, 2022 WL 3371608, at *4 (E.D. Mich. Aug. 16, 2022); *see also Chevalier v. Est. of Barnhart*, 803 F.3d 789, 801 (6th Cir. 2015). Thus, to the extent Gallant is asking this Court to distribute any trust assets in a manner contrary to the Probate Court order, it lacks jurisdiction to do so. Moreover, Gallant vaguely references that certain "criminal actions and omissions of the defendants to be represented in this case, including but not limited to the final disposition of the trust assets that were ordered distributed on 7/22/2020, [] will be presented in the proposed amendments to the petition," but he has not attached any such amendments to his instant motion, nor specified in his motion with any level of factual detail such alleged "criminal

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this action be **DISMISSED *SUA SPONTE***, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: October 3, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address

---

actions and omissions" of the Defendants. Finally, to the extent Gallant requests a "continuance" of this matter based on the financial burdens of litigating a federal lawsuit *he* chose to file in court, Gallant has not shown good cause that would excuse him of his burden to timely provide service documents as was required by Court order, which, to date, he has still failed to do.


specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2022.

                                                s/Carolyn Ciesla  
                                                Acting in the Absence of  
                                                EDDREY O. BUTTS  
                                                Case Manager